UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCHOLZ DESIGN, INC.,

    Plaintiff,

v.   Case No. 05-71602
    Hon. Sean F. Cox

BASSINGER BUILDING COMPANY,
MICHAEL BASSINGER, DAVID KALTE
JODY KALTE, BILL BLY & ASSOCIATES, LTD,
and BILL BLY,

    Defendants.
_____

**OPINION AND ORDER**

This matter is before the Court on Cross Motions for summary judgment. Both parties have fully briefed the issues and a hearing was held October 12, 2006. For the following reasons, the Court denies Plaintiff's Motion for summary judgment and grants David and Jody Kaltes' Motion for summary judgment.

**I. BACKGROUND**

This action arises out of alleged copyright infringement. Plaintiff, Scholz Design, Inc., develops and sells architectural home designs and drawings. At issue in this case is the architectural design "the Springmanor A" ("Springmanor"). Springmanor was registered with the Copyright Office on April 6, 1989.

Defendants David and Jody Kalte ("the Kaltes") wanted to build a home on property they owned in Ottawa Lake, Michigan. They contacted Defendant Michael Bassinger ("Bassinger"),

1

owner of Defendant Bassinger Building Company, to build the home. Bassinger gave several catalogs and magazines containing home design options to the Kaltes for review. The Kaltes indicated to Bassinger that they liked the Springmanor design based on an advertisement showing the front exterior and abridged floor plans for the first and second floor.

Bassinger referred the Kaltes to Defendant Bill Bly ("Bly"), owner of Defendant Bill Bly & Associates, to design a blueprint of the Kaltes home. The Kaltes showed the advertisement for the Springmanor design, provided to them by Bassinger, to Bly. Bly and the Kaltes discussed the Kaltes' preferences; Bly made notes on the advertisement. Bly then created a blueprint for the Kaltes' home. The plans were revised and eventually finalized on October 14, 1998. Defendants claim the Springmanor advertisement was only a starting point for the design of the Kaltes' home.

On November 9, 1998, Bassinger began construction on the Kaltes' home according to the design created by Bly. A certificate of occupancy was issued for the Kaltes' home on July 20, 1999.

On April 25, 2005, Plaintiff filed a Complaint alleging copyright infringement of the Springmanor design against Defendants. Plaintiff filed a Motion for summary judgment against all Defendants on March 28, 2006. For damages Plaintiff seeks: (1) the profits realized by Bassinger for building the Kaltes' home; (2) the profits the Kaltes could realize on the sale of the home; (3) statutory damages against Bly in the amount of $150,000; and (4) attorney fees. In their Response, filed May 5, 2006, the Kaltes moved for summary judgment.

## II.   STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### III.  ANALYSIS

Plaintiff alleges Defendants collaborated to infringe on its architectural design. Original architectural works can form the basis of a copyright infringement claim. *Johnson v. Jones*, 149 F.3d 494, 499-500 (6th Cir. 1998).

In order to establish copyright infringement, the plaintiff must prove: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. *Fogerty v. MGM Group Holdings Corporation, Inc*., 379 F.3d 348, 352 (6th Cir. 2004).

#### A.  Statute of Limitations

The Kaltes and Bly allege Plaintiff's claim is barred by the statute of limitations. The applicable statute of limitations is three years after the claim accrues. 17 USC §507. A cause of action for copyright infringement accrues when the claimant has knowledge of the infringement or is charged with such knowledge. *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir.

1994).

Plaintiff filed its action approximately six years after completion of the Kaltes' home. Defendants do not allege, must less support, a basis for finding that Plaintiff should have known of the allegedly infringing design of the Kaltes' home prior to September 9, 2004 - when Plaintiff alleges it learned of the infringement. Counsel for the Kaltes conceded at the hearing that Plaintiff does not have a duty to scour the area for potentially infringing designs.

Defendants have failed to establish that they are entitled to summary judgment on the basis that Plaintiff's claim is barred by the statute of limitations.

### B. Plaintiff's Motion for Summary Judgment

#### 1. Ownership of a Valid Copyright

The parties do not dispute the validity of Plaintiff's copyright in the Springmanor design or its ownership.

#### 2. Copying of Constituent Elements of the Work that are Original

Plaintiff argues it has direct evidence of copyright infringement. However, the evidence cited by Plaintiff is not sufficient to establish infringement as a matter of law. Even though Defendants admit to using the Springmanor design as a starting point to designing the Kaltes' home, they also contend they made substantial changes to it. The evidence cited by Plaintiff does not foreclose, as a matter of law, the possibility that Defendants sufficiently altered their finished work so as to no longer constitute an unlawful appropriation of the protected elements of Plaintiff's design. See *Dahlen v. Michigan Licensed Beverage Association*, 132 F.Supp.2d 574, 583 (E.D. Mich. 2001). "An inference of copying is rebuttable by evidence of independent creation of the allegedly infringing work." *Id*. (citing *Ellis v. Diffie*, 177 F.3d 503, 507 (6th Cir.

4

1999).

"Because claimants rarely have direct evidence of copying, they typically try to establish an inference of copying by showing (1) access to the allegedly-infringed work by the defendant and (2) a substantial similarity between the two works at issue." *Fogerty*, 379 F.3d at 352.

   **a.**  **Access**

Access is defined as "essentially hearing or having a reasonable opportunity to [view] the plaintiff's work and thus having the opportunity to copy and may not be inferred through mere speculation or conjecture." *Fogerty*, 379 F.3d at 352.

Plaintiff contends it established access because Defendants admittedly possessed a magazine advertisement showing the front exterior and an abridged floor plan for the first and second floor of the Springmanor design.

Defendants argue this does not establish "access" because the advertisement did not display the whole copyrighted design. Defendants' argument is unavailing.

In *Robert R. Jones Associates, Inc. v. Nino Homes*, 858 F.2d 274 (6th Cir. 1988), the court found that a promotional brochure containing abridged floor plans was sufficient to constitute access. In the instant case, the magazine advertisement showing abridged floor plans and the front exterior of the Springmanor design, admittedly possessed by Defendants, is sufficient to establish access to the copyrighted design.

   **b.**  **Substantial Similarity**

"Not all 'copying' is actionable...it is a constitutional requirement that a plaintiff bringing an infringement claim must prove copying of constituent elements of the work *that are original*." *Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003)(emphasis original). In *Kohus*, the Sixth

Circuit adopted a two prong test for substantial similarity. *Id*. at 855.

"The essence of the first step is to filter out the unoriginal, unprotectible elements - elements that were not independently created by the inventor, and that possess no minimal degree of creativity." *Id*. "However, the requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." *Murray Hill Publications, Inc. v. Twentieth Century Fox Film Corporation*, 361 F.3d 312, 318 (6th Cir. 2004).

Defendants argue Plaintiff failed to identify the original design elements expressive of its creativity. Defendants contend many of the elements of the Springmanor design are common, which is why the Kaltes' home appears similar.

Plaintiff concludes, without reference to authority, that it "is not required to list the original elements of the Springmanor because of the extent of the Defendants' infringement." [Plaintiff's Reply, p.3]. Plaintiff also implies that the entire work is original, so that copying of any part of it is actionable.

Assuming *arguendo* that the entirety of the Springmanor design is original, Plaintiff must also satisfy the second prong of the test set forth in *Kohus*.

The second step in determining substantial similarity is to "determine whether the allegedly infringing work is substantially similar to the protectible elements of the original." *Kohus*, 328 F.3d at 856. The determination is based on the judgment of the ordinary reasonable person, *i.e.*, the ordinary lay observer. *Id*. "This test focuses on the overall similarities, rather than the minute differences between the two works; exact reproduction or near identity is not necessary to establish infringement. *Johnson v. Jones*, 921 F.Supp. 1573, 1583 (E.D. Mich.

1996)(*rev'd on other grounds*)(citing *Atari, Inc. v. North American Phiips Consumer Elec. Corp.*, 672 F.2d 607, 618 (7th Cir. 1982)(*superseded by statute on other grounds*)).  "It is the presence of substantial similarities...rather than differences which determines whether infringement exists.  The existence of differences will not negate infringement unless they so outweigh similarities that the similarities can only be deemed inconsequential within the total context of the copyrighted work."  *Id.* (citation omitted).

Plaintiff contends Defendants admitted that the similarities outweigh the differences between the Kaltes' home and the Springmanor design.  In the deposition testimony cited by Plaintiff, Bassinger admitted that Defendants started with the Springmanor design and made modifications to come up with the design of the Kaltes' home. [Motion, p.7].  Bly testified that "[a] percentage of the print came from the Spring Manor..." *Id.*

Plaintiff also claims the Kaltes admitted the similarities in their home outweigh the differences.  Jody Kaltes' testimony reveals that while she agreed that without the reversal, the front elevation of the house was substantially similar to the Springmanor design, she also testified that with respect to the second floor, the differences outweigh the similarities, although she did not believe the similarities were inconsequential. [Motion, Exhibit 3, pp.39-45]. Regarding the first floor, Jody Kalte testified that without the reversal the similarities would "probably be greater." *Id.* at pp. 43-44.  David Kalte also testified that the front view of the house was substantially similar to the Springmanor design, but that while the floor plans were similar, the similarities did not outweigh the differences. [Motion, Exhibit 6, pp.35-39].

Defendants disclaim that they admitted the Kaltes' home is substantially similar to the Springmanor design.  Further, Bly submitted an affidavit detailing what he believed to be

"substantial differences" between the Kaltes' home and the Springmanor design. [Bly Response, Exhibit 3].

Taking the facts and inferences in Defendants' favor, Plaintiff fails to establish that it is entitled to summary judgment on the issue of copyright infringement. The deposition testimony is conflicting and does not lead to the conclusion that Defendants admit the Kaltes' home is substantially similar to the Springmanor design. Moreover, Defendants submit a lengthy list of alleged "substantial differences." Lastly, even if some of the Defendants admitted that some of the portions of the Kaltes' home is substantially similar to the Springmanor design, their subjective interpretation is not enough. The standard for determining the factual question of substantial similarity is whether the ordinary reasonable person would view the works as substantially similar - it is an objective standard. *Kohus*, 328 F.3d at 856 and *Fogerty*, 379 F.3d at 352.

Accordingly, because there remains a genuine issue of material fact regarding whether the Kaltes' home is substantially similar to the Springmanor design, Plaintiff is not entitled to summary judgment.

### C. Defendant Kaltes' Motion for Summary Judgment

The Kaltes' contend that they should be dismissed from this action because the allegedly infringing design of their home was the work product of Bassinger and Bly. They claim they had no direct participation in the alleged infringement.

Plaintiff argues the Kaltes are liable for infringement because they participated in discussions to modify the Springmanor plan. Alternatively, Plaintiff argues that any infringement was done on the Kaltes' behalf.

The parties direct the Court to several district court cases. The first is *Herman Frankel Organization v. Tegman*, 367 F.Supp. 1051 (E.D. Mich. 1973). In *Tegman*, two of the defendants, a couple, asked the plaintiff to build them a house according to the "Shorewood" home design. The plaintiff was unable to build the home due to staffing issues. The defendants then took the brochure containing an abridged version of the Shorewood design to the defendant builder. The court noted that the defendant homeowners procured the brochure containing the plaintiff's plans; inquired of the defendant builder whether he could build a similar house; and gave the brochure to the defendant builder. The defendants admitted that the resulting home was substantially similar to the Shorewood design. The court found the defendant builder and designer were liable for copyright infringement for copying the abridged floor plans. However, the court found there was no evidence that the defendant homeowners "played any role in copying the plans." *Id*. at 1054. The court dismissed the defendant homeowners ruling that "[t]he evidence is uncontroverted that [defendant homeowners] did not solicit any act of copying. *Id*. at 1052.

The second case the parties refer the court to is *Johnson*, 921 F.Supp. 1573, *supra*. In *Johnson*, the plaintiff began work with the defendant homeowner to design plans for remodeling of her home. He prepared drawings, which he copyrighted, based on discussions with the defendant homeowner. However, the defendant homeowner chose not to work with the plaintiff. Nonetheless, the defendant homeowner found the defendant architect and builder and gave them a copy of the plaintiff's drawings. She informed them she wanted to proceed with the plaintiff's design. The defendant architect traced the plaintiff's drawing and put his seal and logo on the resultant drawing. He submitted the traced drawing to the city for approval. The traced plans

were used to construct the defendant homeowner's home. The court found the defendant architect and builder liable for copyright infringement. However, the court found the homeowner was not "liable for infringement, either directly or contributorily. She did not participate in the infringement nor did she induce, cause or materially contribute to the infringement." *Id*. at 1584. The court stated that the homeowner "did nothing more than give copies of the drawings she received from [Plaintiff]" to the builder and architect. *Id*. The homeowner did not tell the architect and builder to copy the plans.

Plaintiff contends that even if the Kaltes' did not directly participate, they are liable because they had "control of the infringing activity." [Plaintiff's Supp. P. 3]. To support this assertion, Plaintiff relies on the unpublished district court case, *Herman Frankel v. Wolfe*, No. 4-70132, 1974 U.S. Dist. LEXIS 5994, *10 (E.D. Mich. 1974). However, *Wolfe* does not support Plaintiff's contention because the homeowners were not found liable for copyright infringement. Rather, they were found liable for unjust enrichment because they did not pay for the plaintiff's drawings. *Id*. at *10-11.

Lastly, Plaintiff relies on *RPM Management, Inc. v. Apple*, 943 F.Supp. 837 (S.D. Ohio 1996). In *RPM*, the court found the homeowners liable for copyright infringement. There, the plaintiff gave the homeowners a copy of the design. But, unlike in *Tegman* and *Johnson*, the defendant homeowners in *RPM* physically made hand drawn revisions on the copyrighted architectural plans.

Plaintiff contends the Kaltes' are like the homeowners in *RPM* because they actively participated in the infringement by directing changes to the Springmanor design to Bly and Bassinger.

10

The Kaltes' did not participate in the alleged copyright infringement. They did not procure the design; they did not make a copy of the magazine advertisement; they did not handwrite changes to the design; and they did not direct Bly to copy the design. Rather, Defendants chose the home design they liked best from magazines provided by Bassinger. They discussed with Bassinger and Bly changes they wanted from the Springmanor design and Bly and Bassinger created the resulting design and built the house in accordance with it.

Based on the evidence, Plaintiff fails to establish a genuine issue of material fact that the Kaltes are liable for infringement, either directly or contributorily. They did not participate in the alleged infringement and did not induce, cause or materially contribute to the infringement. Consistent with *Johnson*, *Tegman*, and *RPM,* summary judgment is appropriate for Defendants David and Jody Kaltes.

## IV.   CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion for summary judgment and grants Defendants David and Jody Kaltes' Motion for summary judgment. David and Jody Kaltes are dismissed from this action.

IT IS SO ORDERED.

                                          S/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated:  October 23, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 23, 2006, by electronic and/or ordinary mail.

                                          S/Jennifer Hernandez
                                          Case Manager